IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHANIEL M. GANT,                                  :
                                                    :
        *Plaintiff,*                                :
                                                    :
v.                                                  :    Civil Action No.: 1:24-cv-11
                                                    :
SUNRISE SENIOR LIVING,                              :
                                                    :
        *Defendant.*                                :
                                                    :

## NOTICE OF REMOVAL

Defendant Sunrise Senior Living ("Sunrise"),[1] by counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of a civil action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia on the grounds that this Action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs (Diversity). Sunrise submits the following statement of grounds for removal pursuant to the provisions of 28 U.S.C. § 1446.

## I.    PRELIMINARY STATEMENT OF JURISDICTION

1.    The United States District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and this action may therefore be removed to this Court by Defendant under 28 U.S.C. § 1441 because it is a civil action between "citizens of different States" and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

2.    As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

---

[1] There is no corporate entity named "Sunrise Senior Living." At all times relevant, Plaintiff was employed by a Virginia Corporation, "Sunrise Senior Living Management, Inc." Defendant will seek substitution of Sunrise Senior Living Management, Inc. in place of Sunrise Senior Living.

## II.   PLEADINGS AND PROCESS

3.     On or about November 30, 2023, Plaintiff Nathaniel M. Gant filed a Complaint against Sunrise in the Superior Court of the District of Columbia captioned *Nathaniel M. Gant v. Sunrise Senior Living*, Case No. 2023-CAB-7283 ("Complaint").

4.     The Complaint alleges a claim of wrongful termination in connection with termination of Plaintiff's employment with Defendant.

5.     On or about December 7, 2023, Sunrise received a copy of the Summons and Complaint, the Court's Initial Order, a Notice and Acknowledgement of Service (Super. Ct. Rule of Civ. Pro. 4(c)(5)), and Plaintiff's Information Sheet from the Clerk of the Superior Court of the District of Columbia via first-class mail. In accordance with 28 U.S.C. $ 1446(a), a true and accurate copy of all process, pleadings, and orders filed with the Superior Court of the District of Columbia are attached as Exhibit A to the Declaration of Bernard G. Dennis, III ("Dennis Dec."), attached as Exhibit 1.

6.     On December 21, 2023, Defendant executed and filed with Superior Court of the District of Columbia the Acknowledgement of Service document provided by that court, which pursuant to Super. Ct. Rule of Civ. Pro. 4(c)(5) requires that Defendant answer or move with respect to the Complaint within twenty-one (21) days of December 21, 2023. Dennis Dec. ¶ 4, Exhibit B to Ex. 1.

7.     Sunrise has not filed any Answer or responsive pleading to the Complaint before the Superior Court of the District of Columbia in this matter. Dennis Dec. ¶ 6, Ex. 1.

## III.   TIMELINESS OF REMOVAL

8.     A defendant in a civil action filed in a State court has thirty (30) days from the date it is served with a Summons and Complaint in which to remove the action to a Federal District

2

Court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Defendant Sunrise has timely filed this Notice within thirty (30) days of its acceptance of service of the Complaint on December 21, 2023.

## IV. VENUE

9. Venue lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1441(a) which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this civil action in the Superior Court of the District of Columbia. Thus, this Notice of Removal is properly filed in the district in which the action is pending under 28 U.S.C. §§ 88, 1391(a) and 1441(a)in accordance with 28 U.S.C. § 1446(a).

## V. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

10. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed with the Superior Court of the District of Columbia are attached as Exhibits to this Notice. Dennis Dec. Ex. A.

11. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon Plaintiff, and a notice will be filed with the Clerk of the Superior Court of the District of Columbia. Notice of compliance shall be filed promptly afterwards with this Court.

12. As required by Rule 26.1 of the Local Rules of the United States District Court for the District of Columbia, Sunrise concurrently filed its Disclosure of Corporate Affiliations and Financial Interests.

3

## VI.    THE DISTRICT COURT MAY EXERCISE DIVERSITY JURISDICTION PURSUANT TO § 1332(a)

13.    This case meets the requirements of 28 U.S.C. § 1332(a) and may be removed to federal court pursuant to 28 U.S.C. § 1441 because it is a civil action: (1) "between citizens of different States"; and, (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

14.    Diversity of citizenship is determined "at the time the complaint is filed." *Saadeh v. Farouki*, 107 F.3d 52, 56-57 (D.C. Cir. 1997).

### A.  Plaintiff is a Citizen of the District of Columbia

15.    For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. *Middleton v. Pratt*, No. , 2022 U.S. Dist. LEXIS 156673, *12 (D.D.C. Aug. 31, 2022); *see also* 28 U.S.C. § 1332(e) (noting that the District of Columbia is considered a "State" for purposes of diversity jurisdiction). A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

16.    Plaintiff avers in the Complaint that he is, and at all times relevant was, an individual residing in the District of Columbia. *See* Compl., Dennis Dec., Ex. A. In addition, Defendant's business records establish that during his employment by Defendant, Plaintiff reported his home address to Defendant as being in the District of Columbia. *See* Declaration of Kathy Cherwin ("Cherwin Decl.") ¶ 5, attached as Exhibit 2.

17.    Thus, Plaintiff should properly be construed as a citizen of the District of Columbia.

### B.  Defendant Sunrise is a Citizen of Virginia

18.    A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-

93 (2010). A corporation's principal place of business is where the corporation's officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," typically the corporation's corporate headquarters or where actual corporate decision-making takes place. *Hertz*, 559 U.S. at 80-81.

19.     Defendant has been and is a corporation duly created, incorporated, and organized under the laws of the Commonwealth of Virginia, with its headquarters and principal place of business in the Commonwealth of Virginia. Declaration of Wendy Sekel ("Sekel Dec.") ¶ 2, attached as Exhibit 3.

## VII.    THE AMOUNT IN CONTROVESY EXCEEDS $75,000

20.     Under 28 U.S.C. § 1332(a), the removal of a case is authorized when, among other factors above, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Typically, the amount demanded in a Complaint "shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

21.     Plaintiff seeks $1 billion in lost wages and damages for future employment. Compl. Information Sheet, Dennis Dec., Ex. A to Ex. 1.

22.     Moreover, even if Plaintiff had not claimed damages in excess of $75,000, given his hourly rate of $16.70 at the time of his termination, if Plaintiff were to prevail, he could easily recover in excess of $75,000 in disputed back pay, front pay, compensatory damages, and punitive damages given the public record of recoveries provided similarly situated claimants in courts in this jurisdiction. *See Owns v. Nat'l Med. Care, Inc.*, 337 F. Supp. 2d 131, 144 (D.D.C. 2004) (finding that punitive damages are available for wrongful termination under D.C. law); *Daka, Inc v. Breiner*, 711 A.2d 86, 100-102 (D.C. 1998) (upholding $390,000 punitive damages award after jury awarded $10,000 in compensatory damages for wrongful termination); *See* Cherwin Dec. ¶ 4,

Ex. 2.

23.    Based on the foregoing, and without conceding that Plaintiff is entitled to the damages he seeks (or any damages whatsoever, which Sunrise expressly denies), the total potential recovery for Plaintiff more likely than not exceeds $75,000 exclusive of interest and costs.

For these reasons, Defendant Sunrise Senior Living maintains that this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.* and 1446(b). The action is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

Dated January 3, 2024.

Respectfully submitted,

**JACKSON LEWIS P.C.**

/s/ Bernard G. Dennis, III
Thomas P. Murphy (D.C. Bar # 349365)
Bernard G. Dennis, III (D.C. Bar # 1028633)
10701 Parkridge Blvd., Suite 300
Reston, Virginia 20191
(703) 483-8300 (Telephone)
(703) 483-8301 (Facsimile)
thomas.murphy@jacksonlewis.com
bernard.dennis@jacksonlewis.com

*Counsel for Defendant*
*Sunrise Senior Living.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2024, a true and correct copy of the foregoing *Notice of Removal* was served by first class mail, postage prepaid, on:

Nathaniel M. Gant
2523 14th Street, NW Apt. #PC-4
Washington, DC 20009

*Pro Se Plaintiff*

/s/ *Bernard G. Dennis, III*
Bernard G. Dennis, III (D.C. Bar # 1028633)
10701 Parkridge Blvd., Suite 300
Reston, Virginia 20191
(703) 483-8300 (Telephone)
(703) 483-8301 (Facsimile)
bernard.dennis@jacksonlewis.com

*Counsel for Defendant*
*Sunrise Senior Living*

7